Marvin, J.
The Case School of Applied Sience v. Samuel K. Gray and Eckstein Case, executors of the last will and testament of Laura K. Axtell, deceased,comes here upon a petition in error seeking to reverse the judgment of the court of common pleas of this county. A suit was brought in that court by the plaintiff in error, a corporation, to recover a legacy bequeathed to it by the testator, Laura K. Axtell.
This will was admitted to probate, and on the 15th day of August, 1890, the defendants gave bond* as execcutors, and letters testamentary were issued to them.
Two bequests were made in the will to the plaintiff in error:^one for $50,000, and another^for $1,000.
*489 The executors filed an amended answer,from which it appears that though the assets of the estate were sufficient to pay all legacies, there was not sufficient money in the executors’ hands to pay in full until'November 4, 1895, when a bequest to the defendants’ testator .under the will of Levi Kerr was paid to these executors, by _the executors of said will of Kerr; letters tes'tamentary were issued on the will of Kerr prior to the death of' Axtell, so that this legacy from Kerr to Axtell was a part of the estate of Axtell at the time of her death. It was not in the hands of the executors of Axtell until the 4th of November, 1895, but it was at her death a part of her estate, and if a proper inventory was made of her estate when the execuctors made their return to the probate court, that legacy was inventoried.
On the 29th day of November, 1890, the executors of Axtell paid on this legacy, the sum of $22,537.50, by surrendering a note held against the plaintiff, which, at that date, amounted to that sum.
On the 6th day of February, 1896, the executors paid upon the legacy, the additional sum of $20,000.00. So that in the aggregate there has been paid, $42,537.50, on the two legacies, they aggregating $.51,000.00. There remains, then, due upon the principal of these two legacies, $8,462.50.
Some time prior to the 18th of August, 1896, the executors of Axtell filed their account in the probate court, and on the date last named, an order of distribution was made by such court — the order which is provided by statute, that the fund remaining in the hands of the executors be paid to the parties entitled by law to receive the same.
The case was submitted to the court of common pleas on the pleadings, showing substantially the facts above stated, and that court entered a judgment for the plaintiff for $8,785.40. .. .
*490 The answer admitted that there was due to the plaintiff the balance of the principal of those two legacies, together with interest from the day on which the order of distribution was made in the probate court, the 18th of August, 1896, and a computation shows that the court of common pleas allowed interest from that date, and gave judgment for the amount as thus computed.
The plaintiff in error complains that the time from which the interest was computed, was wrong; that it should have been allowed from an earlier date.
As already said, letters testamentary were issued to these defendants on the 5th of August, 1890, so that more than six years elapsed between the time of the issuing of the letters testamentary and the time of the making of the order of distribution; the claim on the part of the defendants being, that the interest should commence frcm the last named date. Now, it seems to us to be settled that an error was committed in 'fixing the date from which interest was to be computed.
The case of Webster v. The Bible Society, is a case that went to the supreme court from this county; it is found in the 50 Ohio St., being the first case in the volume. The question in that case was, whether the statute of limitations ran against the payment of the legacy,the time having been something like forty years from the probate of the will and the issuing of letters testamentary, to the time when the suit was brought for the payment of the legacy by the Bible Society.
The account was filed by the executors of the will of Mr. Weddell in the probate court but a short time before this suit was brought, and an order of distribution was made, and if the claim made by the defendant here is the law, it would seem as though that claim ought not to have been declared barred by the statute of limitations, because the claim made here is, that the right of the legatee to receive *491 payment of his money is when the probate court makes its order of distribution. Yet the language of the judge, speaking for the court, on page 17, is: “In any view that may be taken of our statutes, the cause of action accrued not later than four years from the date of the administration bond. ”
The court made its order of distribution, as said before, in that case, not long before that suit was brought; but the court held that the action was barred by the statute of limitations because the legatee had the right to the payment of its money either at the end of one year, or four years from the date of the bond of the executors, although no order of distribution was made.
This court, in the case of Webster v. Bible Society, held that the time when that legacy became due was at the end of one year from the date of the executor’s bond, and although the case was reversed, the supreme court did not pass upon that question. There is no intimation, «s we read this case, that the supreme court would have reversed the case upon that proposition. We have the authority of this court then, for saying that the date from which interest should have been computed, is one year after the .giving of the bond by the executors.
A case was cited on the hearing ¡which we have examined, from the 23rd Bulletin, page 438. In that case there were certain monies placed by will in the hands of a trustee, and the income was to be paid to a person named in the will — the widow of the testator; she had an ante-nuptial contract, but the will provided that the contract should be carried out. The claim was that the legatee, the Widow, was entitled to her legacy from the time of the death of the testator. And Judge Phillips, before whom the case was heard, cited numerous authorities, that the interest would not begin to run until a reasonable time after the death of the testator,' *492 although if there was property of the estate, though not money, with which to pay the bequests sometime, interest should begin at the end of one year; the language used is “one year from the death of the testator,” although our supreme court has said “one or four years from the date of the bond,” without reference to the death of the testator.
We understand that the general rule in America is that the legacy is payable if there is money to pay it one year from the date of the bond, if there is property sufficient to pay the legacy though sufficient money has not yet been realized, then the legacy will bear interest from one year :a£ter the date of the bond. Rice’s American Probate Law ■& Practice, page 373, under the heading “Rules Applicable 'to Interest,” uses this language:
“If a general legacy be given with no time of payment fixed, it begins to draw interest one year from the date of •the letters, when it becomes due.”
Dayton on Surrogates 3d edition, pp. 464-5 says:
“When no time of payment is fixed, the executor is by law allowed one year from the testator’s death to ascertain and settle his affairs, at the end of which time the court, for the sake of general convenience, presumes the personal estate to have been reduced into possession. Upon that ground, interest is payable from that time, unless some earlier period is fixed by the will.”
The same language is used in Williams on Executors, vol. 2, bottom page 1424, and a large number of authorities ■are there cited in support of the proposition.
Giauque on Settlement of Decedent’s Estates, 3d edition, page 155, says: “As a general rule, a legacy bears interest beginning one year from testator’s death.”
We are cited to section 3181, Revised Statutes of Ohio, on the matter of interest. That section reads:
“In cases other than those provided for in the two preceding sections” (and these are provisions as to the payment of interest on judgments and bonds where interest is named), *493 “when money becomes due and. páyable upon any bond, bill, note, or other instrument of writing hereafter made upon any book account or instrument hereafter entered into, and upon all judgments, decrees and orders of any judicial tribunal, for the payment of money arising out of a contract made or other transaction which hereafter occurs, the creditor shall be'entitled to interest at the rate of six per cent, per annum, and no more.”
Williamson, Cushing & Clark; for Plaintiff in Error.
IP. J. Jerome, for Defendant in. Error.
It is urged that money cannot be due and payable until one is entitled to bring suit for it, and that one would not be entitled to bring suit for his legacy at the end of one year when the estate is still in the.process of settlement. The object of this section of the statute is to prescribe the rate of interest where there is no contract as to the rate, and it may well be doubted whether, beyond fixing the rate of interest, it has any application to a legacy. There is a provision of the statute, however, (sec. 6128), that one may have a legacy paid before any distribution is ordered, by giving a bond. And in commenting upon this section the supreme court, on page 17 of 50 Ohio St., in the case of Webster et al. v. Bible Society, uses this language:
“It may be fairly inferred from the statute, that, a legatee may sue for the payment of his. legacy before- the expiration of the four years; but when he does, he may be compelled to give the bond and security therein provided "for.”
Without determining whether a suit could have been maintained for this legacy at the end of one year, the estate being in the situation it was, to-wit, the executors being without sufficient money to pay, but always having more than enough property, we hold that the plaintiff is entitled to recover interest from the expiration of one year from the date of the bond of the' executors, and the court below having held otherwise, the ease is reversed.for that error.